## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

KEITH WAYNE CUNNINGHAM,              )
                                      )
      Plaintiff,                      )
                                      )
v.                                    )      Case No. 17-1294-R
                                      )
CITY OF WAUKOMIS POLICE               )
DEPARTMENT,                           )
                                      )
      Defendant.                      )

## ORDER

Plaintiff, appearing *pro se,* filed this action alleging violation of his civil rights with regard to his April 16, 2013 arrest. He contends he was violently beaten and tased by officers for the City of Waukomis who were assisting the United States Marshals Service in effecting his arrest. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Bernard M. Jones for preliminary review. On March 5, 2018, Judge Jones issued a Report and Recommendation wherein he recommended the action be dismissed as untimely. The matter is currently before the Court on the Plaintiff's timely objection to the Report and Recommendation. The timely objection gives rise to the Court's obligation to undertake a *de novo* review of any portion of the Report and Recommendation to which Plaintiff makes specific objection. Having undertaken this *de novo* review, the Court finds as follows.

Judge Jones' recommendation is entirely correct, because Plaintiff is not entitled to statutory or equitable tolling of the limitations period. Plaintiff complains that the City failed to respond to an April 11, 2014 tort claim filed by his sister on his behalf, thereby

delaying the filing of this action under 42 U.S.C. § 1983. A tort claim, however, is not required to be filed with the City before a person may proceed with a federal claim under 42 U.S.C. § 1983. *See Phillips v. Wiseman*, 1993 OK 100, ¶ 9, 857 P.2d 50, 52 ("[T]he [Oklahoma] Governmental Tort Claims Act and 42 U.S.C. § 1983 provide a 'double-barreled system,' and ... escaping liability under one does not necessarily mean that a party also escapes liability under the other.").   Furthermore, under Oklahoma statute, the City had ninety days to respond to the tort claim. When no response was received within that time period, Oklahoma Stat. tit. 51 § 157, provides that the claim is deemed denied and a lawsuit must be filed within 180 days. Accordingly, the City's failure to respond to the tort claim does not provide a basis for avoiding the limitations period, to the extent the Amended Complaint could be construed as asserting a claim under state law. Finally, the Court finds no exceptional circumstances that would warrant tolling. Accordingly, the Report and Recommendation is adopted and the action is hereby dismissed. Plaintiff's Motion for Service is denied as moot.

IT IS SO ORDERED this 26th day of March 2018.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE